UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA, | : | Hon. Joseph H. Rodriguez |
| --- | --- | --- |
| *Plaintiff*, | : | CRIM NO. 1:14-cr-00148 |
| v. | : | OPINION |
| ALVIN MATTHEWS, | : | |
| *Defendant*. | : | |

This matter comes before the Court on Defendant Alvin Matthews's (Defendant") *pro se* Motion for Companionate Release under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. No. 26]. The Court has considered Defendant's submission and, for the reasons stated below, will deny Defendant's Motion.

**I. Background**

On March 25, 2014, Defendant pled guilty to one count each of of conspiracy to use interstate facilities in the commission of a murder for hire under 18 U.S.C. § 1958; using a firearm and aiding and abetting use of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(l)(A)(iii); and possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1). [Dkt. 6]. On February 6, 2018, this Court sentenced Defendant to a term of imprisonment of 124 months. [Dkt. 11, 12]. Defendant is currently 53 years old and in custody at Terre Haute Federal Penitentiary in Terre Haute, Indiana.

Defendant now moves the Court for compassionate release or home confinement due principally to the ongoing COVID-19 pandemic and the risk it poses to him and his mother.

1

[Dkt. 13].[1]  Defendant claims that inmates at Terre Haute have died from COVID-19 and that 800 inmates there—including Defendant—have contracted the COVID-19 virus. [*Id.* at 5]. Defendant also claims that his mother suffers from a host of medical complications and is "facing a health deterioration." [*Id.* at 20].  He argues that the COVID-19 virus is a "death sentence" for his mother and him. [*Id.* at 22].

Defendant offers several additional justifications for his release that are unrelated to the COVID-19 pandemic. Defendant claims that he will be eligible for release from custody in March of 2022, that he has participated in educational courses including a shop tailor apprenticeship, completed a substance abuse treatment program. [*Id.* at 18–21, 25–26].

## II. Legal Framework

Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case meets one of the limited exceptions under the First Step Act ("the Act"). Pursuant to the Act, a court may modify an imposed term of imprisonment—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the

---

[1] Defendant submitted a request for early release to the facility warden at Terre Haute, which the warden denied on July 22, 2020. [Dkt. 13 at 19].

2

offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing Commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in pertinent part, that after considering applicable factors set forth in 18 U.S.C. § 3553(a), "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13. As set forth in the policy statement, a defendant's medical condition may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or the defendant is,

(C) suffering from a serious physical or medical condition,

(D) suffering from a serious functional or cognitive impairment, or

(E) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* Additional circumstances that may qualify include, the age of the defendant, family circumstances, and other reasons. *Id.*

3

### III. Analysis

The issue before the Court is whether Defendant has demonstrated that extraordinary and compelling reasons warrant his early release from custody. The Court finds that Defendant has failed to do so.

In order to bring a claim for compassionate release, an inmate must first exhaust his administrative remedies by petitioning the BOP for release. 18 U.S.C. § 3582(c)(1)(A). Defendant satisfied this procedural requirement because he applied to the BOP for release, and Terre Haute's facility warden denied the application. [Dkt. 13 at 19]. The Court therefore turns to the merits of Defendant's request.

While the COVID-19 virus wreaked havoc on the Terre Haute facilities,[2] available information suggests that the situation there has improved considerably. BOP statistics confirm that the COVID-19 virus has infected nearly 700 and killed two inmates at Terre Haute Penitentiary. It has also infected approximately 375 and killed four inmates at the adjacent FCI Terre Haute. Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited June 23, 2021). However, there are currently no active cases, and 729 inmates have received COVID-19 vaccinations. *See id.* While vaccinated individuals have surely left the facility and unvaccinated individuals have joined the facility since vaccination administration began, these numbers suggest that approximately seventy percent of the 1,047 inmates at FCI Terre Haute are vaccinated against

---

[2] In general, "COVID-19 poses a serious global public health risk. As of March 15, 2021, the Centers for Disease Control and Prevention reported a total of 29,229,162 cases of COVID-19 in the United States with 531,766 total deaths caused by the virus." *United States v. Roper*, No. CR 16-335, 2021 WL 963583, at *2 (E.D. Pa. Mar. 15, 2021) (citing Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19)*, *United States COVID-19 Cases and Deaths by State*, https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days (last updated Feb. 24, 2021))

the COVID-19 virus.  *See* Fed. Bureau of Prisons, FCI Terre Haute, https://www.bop.gov/locations/institutions/tha/ (last visited June 23, 2021).  This widespread vaccination may reduce the risk of COVID-19 spread and, therefore, reduce the risk that Defendant will contract COVID-19.  *See* Ctrs. for Disease Control and Prevention, *COVID-19: COVID-19 Vaccines Work*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated May 20, 2021).  Thus, while the COVID-19 pandemic still threatens the health and wellbeing of Defendant and other inmates at FCI Terre Haute, the situation there appears to have improved considerably since the height of the pandemic.  These improved conditions do not present extraordinary and compelling circumstances that might justify early release.

Even if COVID-19 continued to spread throughout FCI Terre Haute, Defendant's individual characteristics would not warrant early release.  "The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner."  *United States v. Wright*, No. CR-16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) (footnote omitted).  Instead, the Court must determine whether Defendant's health or medical conditions present an extraordinary and compelling reason for reducing Defendant's sentence in light of the COVID-19 pandemic.  *See United States v. Hynes*, No. 3:18-CR-00222, 2020 WL 6060984, at *3 (D.N.J. Oct. 14, 2020).  Typically, courts look to those conditions the CDC has identified as "high-risk" factors to make this determination.  *See, e.g.*, *United States v. Catanzarite*, No. CR 18-0362 (ES), 2020 WL 2786927, at *4 (D.N.J. May 29, 2020).  In this case, however, Defendant concedes that his health is "not bad," and does not argue that he has any of the enumerated high-risk health conditions.  [Dkt. 13 at 20].  *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html (last visited June 23, 2021). Moreover, while "[m]ore than 80% of COVID-19 deaths occur in people over age 65," Defendant is only 53 years old. *Id.*

Defendant's mother's health condition also fails to establish an extraordinary and compelling reason for release. Generally, family circumstances qualify as extraordinary and compelling reasons in the event of: "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children. The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G § 1B1.13 n.1(C). Defendant's mother's multiple health complications do not not meet one of these enumerated factors and therefore do not justify Defendant's release.

### IV. Conclusion

For the reasons discussed above, the Court will deny Defendant's motion for early release without prejudice. An appropriate order will follow.


June 29, 2021                                                              /S/ Joseph H. Rodriguez
                                                                           Hon. Joseph H. Rodriguez